

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARLSON RESTAURANTS WORLDWIDE      )
COMPANIES, etc.,                   )
                                   )
            Plaintiff,             )
                                   )
    v.                             )    No.  05 C 3535
                                   )
OLYMPIC SIGNS, INC., et al.,       )
                                   )
            Defendants.            )

## MEMORANDUM OPINION AND ORDER

Landmark Outdoor Advertising Company, Inc. ("Landmark,"

incorrectly sued as "Landmark Display Sign Company, Inc.") has

just filed a supplemental brief in support of its Fed. R. Civ. P.

("Rule") 12(b)(6) motion to be dismissed from this action brought

against it and Olympic Signs, Inc. ("Olympic") stemming from a

fire at a TGI Friday restaurant in Hoffman Estates, Illinois.

For the reasons briefly stated here, Landmark's motion is denied.

Landmark's supplemental brief points to the Illinois statute

of repose, 735 ILCS 5/13-214 ("Section 13-214") as one of two

predicates for dismissal.  Section 13-214(b) bars any action

"based upon tort, contract or otherwise" after ten years has

elapsed from the time of a complained-of act or omission "in the

designing, planning, supervision, observation or management of

construction, or construction of an improvement to real

property."  In this instance Landmark designed, manufactured and

installed the neon lights back in 1995, and this action was filed

on June 16, 2005.

Where Landmark goes astray in that respect is in asserting

that its claimed "act or omission" necessarily antedated June 16,

1995, based on these assertions in the response to the Rule

12(b)(6) motion:

> On or about May 1995, Carlson and Landmark entered into
> an agreement in which Landmark would design,
> manufacture, test, install and inspect three neon signs
> for a TGI Fridays located in Hoffman Estates, Illinois.
> Landmark did in fact design, manufacture and install
> the subject neon lights for the TGI Fridays.

But because nothing is said there as to when the actual

manufacture and installation took place, Landmark cannot prevail

as a matter of law under the statute of repose at this point.

Landmark's other purported string to its bow is also

broken--its attempted reliance on the five-year statute of

limitations mischaracterizes the Illinois caselaw that

consistently applies a discovery rule to toll the accrual of a

claim such as that involved here.  Indeed, in the very next year

after Justice (then Judge) John Paul Stevens wrote at length

about the Illinois law on that subject (Gates Rubber Co. v. USM

Corp., 508 F.2d 603 (7th Cir. 1975)), the Illinois Appellate

Court for the First District expressly applied the discovery rule

in a construction case much like the current one, where plaintiff

neither knew nor could reasonably have known of a construction

defect that resulted in damage only years later (E.J. Korvette

Div. v. Esko Roofing Co., 38 Ill.App.3d 905, 350 N.E.2d 10 (1st

Dist. 1976))--a principle that has continued to be applied in

numerous cases since then.   In sum, Landmark's other basis for

dismissal fails as well.

As stated at the outset, then, Landmark's motion is denied.[1]

Landmark is ordered to answer the Complaint on or before

September 21, 2005.

_Milton I. Shadur_
Milton I. Shadur
Senior United States District Judge

Date:   September 9, 2005

---

[1]  This ruling is obviously without prejudice to a potential
reassertion of affirmative defenses of limitations or repose when
the facts (as contrasted with the pleadings) are fleshed out.