IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLSON RESTAURANTS WORLDWIDE COMPANIES, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 05 C 3535 ) |
| OLYMPIC SIGNS, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Landmark Outdoor Advertising Company, Inc. ("Landmark") has filed its Answer to Counts I, II and III of the Complaint brought by Carlson Restaurants Worldwide Companies ("Carlson") against Landmark and a codefendant. This brief memorandum order is issued sua sponte to require Landmark's counsel to correct an error that crops up in several places in that Answer.

Despite the crystal-clear language of the second sentence of Fed. R. Civ. P. ("Rule") 8(b)(see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), Landmark's counsel have impermissibly fashioned a different and inadequate disclaimer in an effort to provide their client with a deemed denial of various of Carlson's allegations (see Answer ¶¶1-3, 6, 11-14 and 27). For one thing, Landmark's counsel have omitted denials of sufficient _information_ (more demanding than denials of sufficient _knowledge_), and for another, the cited paragraphs contain no mention of Landmark's lack of belief (an even more demanding disclaimer).

Indeed, in the last respect the Answer's attached affidavit by attorney Edward Grassé actually reflects an awareness that a disclaimer of belief is required--though the affidavit also omits any reference to information. Parenthetically, that affidavit calls for two added comments:

1. Unlike state practice, no such affidavit is called for by federal pleading.

2. Even if an affidavit were required, no attorney has any business swearing to a client's lack of knowledge or information--such an assertion by a lawyer, as contrasted with one by the client, is hearsay at best.

In any event, the entire Answer is stricken, to be replaced by a new pleading. Leave is granted to file a self-contained Amended Answer in this Court's chambers (with a copy transmitted contemporaneously to Carlson's counsel) on or before November 2, 2005. No charge is to be made to Landmark by its counsel for the added work and expense incurred in correcting counsel's errors. Landmark's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 24, 2005